UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04 11672 JLT**

---

TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY, VACATION & XMAS and FRINGE BENEFIT FUNDS; PLUMBERS AND GASFITTERS LOCAL UNION NO. 12; AND PLUMBERS' UNION LOCAL NO. 12 LABOR MANAGEMENT COOPERATION TRUST FUND

Plaintiffs

VS.

THE COASTLINE COMPANY, INC.

Defendant

MAGISTRATE JUDGE _____

Civil Action No.

RECEIPT # 57599
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE July 26, 2003

---

## ERISA COLLECTION COMPLAINT

1.   This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001, et seq., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C. § 185, brought on behalf of the Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds; Plumbers and Gasfitters Local Union No. 12; and Plumbers' Union Local No. 12 Labor Management Cooperation Trust Fund (the "Plaintiffs") for damages arising from unpaid Funds contributions and for an Order that Defendant provide the contractually mandated fringe benefit payment bond.

2. This Court has jurisdiction, and venue lies in this district pursuant to ERISA § 502 (e)(1) and (2); 29 U.S.C. § 1132(e)(1) and (2), § 515; 29 U.S.C. § 1145 and the LMRA § 301 (a); 29 U.S.C. § 185(a), and 28 U.S.C. § 1331.

3. Defendant The Coastline Company, Inc. (hereinafter "Coastline") is an "employer" within the meaning of 29 U.S.C. §1002(5) with a principal place of business located at 20 Camelot Drive, Plymouth, Massachusetts 02360, and is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 142(1) and § 152 (2), (6) and (7).

4. Defendant Coastline is a member of the Greater Boston Association of Plumbing, Heating, Cooling Contractors, Inc. (hereinafter "Association") and has assigned its bargaining rights to the Association for purposes of negotiating a collective bargaining agreement with Plumbers and Gasfitters Local 12 and the United Association of Plumbers and Gasfitters (hereinafter the "Union"). Defendant Coastline is, therefore, a party to and bound by the Collective Bargaining Agreement (hereinafter "CBA") between the Association and the Union.

5. Plaintiff Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare, Pension, Annuity, Vacation & Xmas and Fringe Benefit Funds (the "Funds") are third-party beneficiaries of the CBA between the Association and the Union.

6. Plaintiffs are "fiduciaries" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1002(37)(A) and each is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Funds have their principal

office at and are administered from 1230-1236 Massachusetts Avenue, Boston, Massachusetts 02125.

### COUNT I: ERISA – Claim for Delinquent Funds Contributions

7. At all material times, Defendant is obligated by the terms of the CBA between Defendant and the Union and by the terms of the Funds' Agreement and Declaration of Trust ("Trust Agreement") to which Defendant is bound to make contributions to the Plaintiff Funds for each hour worked by its plumbing employees who labor under the terms of the CBA.

8. Consistent with the CBA and the Trust Agreement's collection policy, Funds contributions are due on the fifteenth (15th) day of the month following the month in which the contributions accrued, but, in no event, later than the last day of the month following the month in which the contributions accrued (e.g., contributions for hours worked in July are due August 15th, but no later than August 31st.

9. Defendant's last payment to the Funds was for contributions owed for the month of April 2003. Since that time, Defendant has failed to make required contributions to the Plaintiff Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145. Defendant is presently delinquent in contributions owed to the Funds for the months of May and June 2004. July 2004 contributions will be considered delinquent if not paid by August 15, 2004.

10. Monthly reports submitted to the Funds by the Defendant, as required by the Agreement's collection policy and the CBA, demonstrate that Defendant owes contributions to the Funds for work performed by its employees and Union members for the months of

3

May and June 2004 in the amounts of *$32,443.70* and *$43,219.28*. Accordingly, for the period of May through June 2004, the Defendant owes delinquent contributions to the Funds in the amount of *$75,662.98*. Additionally, Defendant continues to work employing Union plumbers and, therefore, will owe contributions for the month of July 2004.

11. This Complaint claims all present delinquencies owed to the Funds by Defendant referenced in Paragraph 10 above and all future delinquencies that become due and owing during the pendency of this collection lawsuit.

12. Each month in which a delinquency arose, Plaintiff Funds forwarded demand correspondence to Defendant requesting payment of the delinquent contributions and explaining that failure to submit contributions would result in litigation in which Defendant would be required to pay the delinquent contributions, plus liquidated damages, interest, costs and attorney's fees consistent with the Agreement's collection policy and ERISA. Defendant failed to respond to Plaintiff Funds' correspondence or to submit the delinquent contributions at issue in this Complaint.

13. Each month, Plaintiff Funds have forwarded demand correspondence to the Defendant requesting payment for the contributions owed to the Funds and have repeatedly explained that failure to forward payments results in late fee charges pursuant to the terms of the CBA and the Agreement's collection policy. As of July 1, 2004, Defendant owed the Funds *$1,074.89* in late fees that accrued on the delinquent contributions during the period of January through May 2004. This amount increases each month there is a delinquency and is recalculated the first of each month.

4

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

14. This Complaint claims all late fees presently due to the Funds by Defendant and claims all late fees that will become due during the pendency of this Complaint.

## COUNT II: LABOR MANAGEMENT RELATIONS ACT

15. Plaintiffs hereby incorporate by reference the above Paragraphs 1-14.

16. By the above action, Defendant has violated the parties' CBA, to which the Plaintiffs are third-party beneficiaries with standing to bring a breach of contract claim pursuant to LMRA § 310(a), 29 U.S.C. § 185(a); and Plaintiffs are entitled to relief ordering the Defendant to remit contributions due and owing under the terms of the parties' CBA.

## COUNT III: ERISA – Action to Enjoin Defendant from Violating Terms of the Plans

17. Plaintiffs hereby incorporate by reference the above Paragraphs 1-16.

18. Pursuant to the CBA and the terms of the Agreement's collection procedure, Defendant is obligated to purchase a *Sixty Thousand Dollar ($60,000.$^{00}$)* fringe benefit bond, or provide some other security acceptable to the Trustees, to protect the assets of the Funds and the Funds' participants in the event that Defendant is unable to pay delinquent contributions owed to the Funds.

19. Defendant has been noticed numerous times regarding the obligation to obtain a fringe benefit payment bond as mentioned in Paragraph 18, including a *Notice* letter sent by facsimile and first class mail on June 24, 2003 requesting the bond on or before July 26, 2004. Defendant has not obtained the fringe benefit payment bond required by the terms of the CBA and the Agreement's collection policy.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

20.  Plaintiffs, as fiduciaries, are entitled to an Order from this Court pursuant to Section 502(3) of ERISA to enjoin Defendant from ignoring its obligations under the CBA and the Agreement's collection procedures and to obtain a fringe benefit payment bond or some other security acceptable to the Trustees immediately.

### COUNT IV:  LMRA – Breach of Contract

21.  Plaintiffs hereby incorporate by reference the above Paragraphs 1-20.

22.  By the above action, Defendant has violated the parties' CBA of which Plaintiffs are third-party beneficiaries with standing to bring a breach of contract claim pursuant to LMRA § 301(a), 29 U.S.C. § 185(a) and the Plan documents, and Plaintiffs are entitled to relief ordering the Defendant to obtain the appropriate fringe benefit payment bond as provided in the parties' CBA.

WHEREFORE, Plaintiffs demand that judgment enter in accordance with Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and § 1145, and Section 301 of the LMRA, 29 USC § 185:

1. Awarding the Plaintiffs the following:

    (a) the unpaid contributions for as follows:
    | | |
    |---|---|
    | **May 2004:** | **$32,443.70** |
    | **June 2004:** | **$43,219.28** |
    | **TOTAL Present DELINQUENCIES:** | **$75,662.98** |

    (b) unpaid delinquent late fees:   **$1,074.89**

    **Total of (a) and (b):**   $76,737.87

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 " (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

(c) subsequent delinquencies and late fees that may become due and owing during the pendency of this suit;

(d) interest on delinquent payments from the date of this lawsuit through the date of final payment;

(e) liquidated damages in an amount equal to the greater of interest on unpaid contributions or twenty percent (20%) of the unpaid contributions;

(f) all costs and reasonable attorney's fees incurred by the Plaintiffs in connection with this action; and

2. An Order requiring that the Defendant purchase a fringe benefit bond as required in the CBA and the Agreement's collection procedures.

3. Ordering such other and further relief as this Court may deem just and proper.

Dated:   July 26, 2004

Respectfully submitted,

John M. Brown, Esq.
ROBERT M. CHEVERIE &
  ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108
(860) 290-9610
BBO#

Attorney for Plaintiffs

7

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing ERISA Collection Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 26th day of July 2004, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P. O. Box 13163
Baltimore, MD 21203
Attn:    **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:    **Assistant Solicitor for Plan Benefits Security**

John M. Brown

JTF.12FUNDSCoastline.2004
Complaint.07-22-04

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Trustees of the Plumbers and Gasfitters' Local Union No. 12 Welfare Fund, et al v. The Coastline Company, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

    ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT
    _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
             740, 790, [791], 820, 830, 840, 850, 890, 892-894, 895, 950.
    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) N/A

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ___ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ___

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES ___
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? ___

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? ___

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION ___ OR WESTERN SECTION ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    John M. Brown    ROBERT M. CHEVERIE & ASSOCIATES, P.C.
ADDRESS    333 East River Drive, Suite 101, East Hartford, CT 06108
TELEPHONE NO.    (860) 290-9610

(COVER.SHT-08/90)                                                    APPENDIX C

Effective September 1, 1990

JS 44
(Rev. 7/95)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** TRUSTEES OF THE PLUMBERS AND GASFITTERS' LOCAL UNION NO. 12 WELFARE, PENSION, ANNUITY, VACATION & XMAS and FRINGE BENEFIT FUNDS; PLUMBERS AND GASFITTERS LOCAL UNION NO. 12; AND PLUMBERS' UNION LOCAL NO. 12 LABOR MANAGEMENT COOPERATION TRUST FUND

**DEFENDANTS** THE COASTLINE COMPANY, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert M. Cheverie, Esq.
**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
333 East River Drive, Suite 101
East Hartford, CT 06108    (860) 290-9610

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Breach of Collective Bargaining Agreement and to collect contributions due to Plaintiffs' Funds under ERISA, 29 U.S.C. Sections 185 and 29 U.S.C., Section 1002 et. seq.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310\ Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 hia (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405)(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other (including 1983 Actions) | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY:** (See Instructions):
JUDGE _____    DOCKET NUMBER _____

DATE
July 26, 2004

SIGNATURE OF ATTORNEY OF RECORD
John M. Brown, Esq.